■ ROBERT BENET, Appellant, v. ETHEL J. BENET, Respondent.— In an action by the husband for a separation, in which the defendant wife counterclaims for the same relief, the plaintiff husband appeals from so much of an order of the Supreme Court, Westchester County, dated September 6, 1960, as, on reargument, adheres to the original decision and refers the defendant's motion for temporary alimony and counsel fee to the Trial Justice on certain conditions, namely: (a) that plaintiff make the payments on the mortgage, taxes and insurance on the home owned by the parties as tenants by the entirety; (b) that plaintiff pay to defendant, on account of any temporary alimony that may be allowed eventually, the sum of $175 a week while the son lived at home and the sum of $150 a week if he did not live at home, payments to commence as of June 15, 1960, the return date of the motion; (c) that plaintiff pay to defendant, on account of counsel fees that may be allowed eventually, the sum of $1,750 in two installments of $875, one to be paid within 10 days after service of a copy of the order and one to be paid when the case reaches the Ready Calendar for trial. The principal error urged is that the interim sums ordered to be paid on account of the temporary alimony and counsel fees which might be allowed eventually, are grossly excessive. No issue is raised as to the form of the order. In addition to the amounts fixed in the order, it was understood and agreed that the plaintiff would pay for the college tuition and expenses of the son during his attendance at college. Order modified as follows: (1) by striking out the second decretal paragraph; (2) by striking out from the fifth decretal paragraph the direction for interim alternative

payments of $175 and $150 per week, and by substituting therefor a direction for such payments at the rate of $125 and $100 per week; and (3) by striking out from the seventh decretal paragraph the direction for the payment of $1,750 in two equal installments, on account of the counsel fees, and by substituting therefor a direction for the payment of $1,250 in two equal installments on account of the counsel fees. As so modified, order insofar as appealed from, affirmed, without costs. In our opinion, the amount of the alimony and the amount of the counsel fee directed to be paid by the order appealed from, are excessive in view of all the circumstances shown and in view of the fact that the Trial Justice later may fix the temporary alimony and counsel fees at amounts in excess of those previously directed to be paid on account (cf. *Golding* v. *Golding*, 6 A D 2d 871). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.